# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5617 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Bolden, et al. vs. Stroger, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motions to dismiss. This case is therefore dismissed without prejudice and plaintiffs may refile their claims before the appropriate presiding judges. Motions for class certification (2-1 and 6-1) are denied as moot. Any other pending motion in this case is also denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CORNELL BOLDEN, KEITH JACKSON, )
MICHAEL AMATO, and CHARLES )
MORGAN, each individually and on )
behalf of all others similarly )
situated, )
)
          Plaintiffs, )
)
v. )   No. 03 C 5617
)
JOHN STROGER, President, Cook )
County Board, in his official )
capacity, COOK COUNTY, MICHAEL )
SHEAHAN, Cook County Sheriff, in )
his official capacity, and RUTH )
ROTHSTEIN, Director, Cook County )
Department of Health Services, in )
her official capacity, )
)
          Defendants. )

### MEMORANDUM OPINION AND ORDER

Cornell Bolden, Keith Jackson, Michael Amato, and Charles Morgan ("plaintiffs") bring this suit on behalf of themselves and a class of persons who suffer from mental illness and are confined in the Cook County Jail while awaiting trial. Plaintiffs claim that John Stroger, President of the Cook County Board; Cook County; Michael Sheahan, Cook County Sheriff; and Ruth Rothstein, Director of the Cook County Department of Health Services (collectively, defendants) have violated the plaintiffs' rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. and the Due Process Clause of the Fourteenth Amendment.



Specifically, plaintiffs challenge the defendants' policy and practice of barring individuals with mental illness from various pre-release programs (Count I) and the defendants' policy and practice of discharging individuals with mental illness without providing them with the medication and referrals they require to manage that illness (Count II). Defendants move to dismiss both counts.[1] I grant the defendants' motion.

I.

Count I alleges that defendants have a policy and practice of barring individuals with mental illness from participation in various pre-release programs. Defendants argue that these allegations should be handled under the Consent Decree in *Duran v. Elrod*, 74-C2949 (N.D. Ill. Apr. 9, 1982) ("Duran Decree"), as they involve the same class of individuals and raise issues that are inextricably intertwined with that Decree. The current plaintiffs are part of the class covered by the Duran Decree. *See, e.g., Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990). Part of the Duran Decree addressed the issue of overcrowding in the Cook County jails. *Duran v. Elrod*, 713 F.2d 292, 297 (7th Cir. 1983), *cert. denied*, 465 U.S. 1108 (1984). After a year of unsuccessful attempts to abate this overcrowding, Judge Shadur issued an order

---

[1] John Stroger, Cook County, and Ruth Rothstein moved to dismiss or transfer these claims, and Michael Sheahan later joined that motion. I deal with both motions as one, as the issues are uniform.

authorizing pre-release programs that would alleviate the problem. *Id.* Plaintiffs now challenge the application of those programs to individuals with mental illness. A challenge to programs that arose solely because of the Duran Decree is, by definition, inextricably intertwined with that Decree. Plaintiffs argue that neither the programs nor the ADA existed at the time of the Duran Decree, but that argument is unavailing. That the programs did not exist at that time is no surprise, as they were judicially created to implement the terms of the Duran Decree. Nor is the fact that the Duran Decree pre-dates the ADA fatal, as continuing consent decrees must be able to adapt to changing conditions. *United States v. Swift*, 286 U.S. 106, 114 (1932). The court monitoring the Duran Decree, not this court, is the proper forum to entertain a proposed modification of that decree. Count I is dismissed.

## II.

Count II alleges that defendants have a policy and practice of discharging individuals with mental illness without providing the medication and referrals necessary to manage their illness. Defendants argue that these allegations should be handled under the Consent Decree in *Harrington v. DiVito*, 74-C3290 (N.D. Ill. Oct. 19, 1976) ("Harrington Decree"), as they also involve the same class of individuals and raise issues that are inextricably intertwined with that Decree. The Harrington Decree class included all present and future pre-trial detainees in need of mental

3

treatment in the Cook County Department of Corrections. The class in the present case are pre-trial detainees in need of mental treatment in the Cook County Department of Corrections who are or will be discharged and who have or will have been taking psychiatric medication prior to discharge, a subclass of the Harrington Decree class. The Harrington Decree seeks to provide adequate mental screening and treatment for pre-trial detainees. The question of whether that treatment should include a discharge treatment and referral plan is inextricably intertwined with the issued covered by the Harrington Decree. As this court is not the proper forum for exploration of this question, nor of the potential effect of the ADA on the enforcement of the decree, Count II is also dismissed. Both counts are dismissed without prejudice; the plaintiffs may refile their claims before the appropriate presiding judges.[2]

**ENTER ORDER:**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated:    March 2, 2004

---

[2] The Duran Decree is overseen by Judge Marovich and the Harrington Decree is overseen by Judge Zagel.